# H. P. SEYMOUR ET AL. *v.* MARTHA HUBBARD.

### *Adverse possession. Ejectment.*

The defendant, by himself and his grantor, had been in adverse possession of the demanded premises since 1847. In 1861 the defendant's grantor received a quit-claim deed of the same from H., containing a condition that they should be reconveyed to H. upon payment of the grantee's "demand" against them. This deed was recorded November, 1877. The plaintiffs made title by deed from this same H., executed May, 1877. Payment of the demand had never been made nor tendered. *Held,* that the plaintiffs could not support ejectment against the defendant.

This was an action in ejectment, and was heard upon the report of a referee at the September Term, 1889, TYLER, J., presiding. Judgment for the defendant. Exceptions by the plaintiffs.

The plaintiffs sought to recover the possession of two parcels, one containing $10\frac{89}{100}$ acres and the other $5\frac{3}{4}$ acres. Upon the trial before the referee they abandoned all claim to the former parcel.

The plaintiffs claimed title under a deed warranty from J. H. Hubbard, dated May 2d, 1877; the defendant under deed warranty from Catherine L. Cull, dated August 9th, 1879. Hubbard and Mrs. Cull were the children of Samuel C. Hubbard, who was in the possession of this land at the time of his death in 1845. It did not appear how the title was transmitted from Samuel C. Hubbard. The defendant claimed title by virtue of the adverse possession of Mrs. Cull. With reference to this claim the referee found:

" I find that at some time, not later than the year 1847, the said Catherine L. Cull took possession of the land in question, and from that time to the 9th day of August, 1879, when she conveyed all her estate in Franklin to the defendant, held the exclusive adverse and uninterrupted possession of the land in question, claiming to be the owner of the same, except that in

the year 1856 or 1857, she leased for the season to the said J. H. Hubbard, the land in question and other land, together with her cows, for the use of which land and cows the said J. H. Hubbard paid her an agreed price or rent. I find that the said Catherine L., at all times from not later than the year 1847 to the time she so conveyed to the defendant, kept said land fenced and enclosed, in connection with a small piece immediately north of the piece containing $10\frac{3}{10}$ acres, as shown by the plan or map, ' Plffs.' Ex. C,' except that during the season that said J. H. Hubbard so hired said land and cows of Mrs. Cull, an opening was made in the fence between said land and said Hubbard's land, so as to allow the cattle to pass from one field to the other."

It appeared that May 30th, 1861, J. H. Hubbard executed to Mrs. Cull a quit-claim deed of the premises, which contained this condition : " And it is understood and agreed that the said Catherine L. Cull is to re-deed to me or my heirs whenever I, the said Hubbard, shall request her to do so, by paying the said C. L. Cull her demand upon said described piece of land." This deed was recorded November 26, 1877 ; and the plaintiffs maintained that the above condition deprived the holding of Mrs. Cull of its adverse character. The demand mentioned in the condition had never been paid, nor payment of it tendered.

*M. Buck*, for the plaintiffs.

By accepting and recording the deed of May 30, 1861, Mrs. Cull admitted that the plaintiff's grantor, Hubbard, had an interest in the premises. Hence her possession was not adverse as to him or his grantees. *Ripley* v. *Yale*, 13 Vt. 220.

*J. A. Fitch*, for the defendant.

The opinion of the court was delivered by

Ross, J.    The plaintiffs contend that they should have been allowed to recover the possession of the $5\frac{3}{4}$ acres of land. The action is ejectment. To sustain it, the plaintiffs must show title and the right of possession, against the defendant. From the

reported facts, it appears that the defendant's grantor had been in possession of the premises from 1846 to 1879, when she conveyed to the defendant, who has since been in possession. It is found that the possession of the defendant and her grantor during all this period had been actual, exclusive and adverse, either by themselves or tenants. The plaintiffs contend that this possession did not avail to give them title by adverse possession, because it is found that the defendant's grantor in 1861 took a deed of the premises from the plaintiffs' grantor, which contains a condition or stipulation for a re-conveyance whenever the grantor in that deed should request it, by paying the grantor's demand upon the premises. They contend that thereafter the possession of the defendant's grantor, nothing being shown to the contrary, must be presumed to be in subserviency to the condition or stipulation of the deed she had accepted ; and that inasmuch as she did not put this deed on record until after the plaintiffs placed their deed upon record, the defendant's grantor cannot be held to have been in possession of the demanded premises adversely to their grantor when they took their deed. Hence, they contend that the defendant cannot, as to them, stand upon a title acquired by adverse possession, and that their deed from the common grantor of both must prevail because taken without actual notice of his prior conveyance to the defendant's grantor. But if this contention should be conceded, although we do not pass upon its soundness, it would not avail the plaintiffs. When the plaintiffs took their deed and placed it upon record, the defendant's grantor was in the actual occupancy of the demanded premises. They were enclosed with her other lands. This occupancy was constructive notice that she was claiming some right to the premises, and by such occupancy they were put upon inquiry in regard to what that right was, and are bound by the knowledge which they would have gained by proper inquiry. By such inquiry they would have learned that she had a prior deed of the premises from their grantor, and although that prior deed contained an agreement or stipu-

lation for a re-conveyance, such re-conveyance was only to be made upon payment of her demand, whatever that might be. The defendant's grantor was not bound to re-convey, nor were the plaintiffs entitled to the conveyance or possession of the premises until they had tendered payment as required by the condition. Hence, giving the facts found by the referee their legitimate scope and force, on this contention the plaintiffs came short of showing themselves rightfully entitled to a re-conveyance or to the possession of the premises.

*The judgment of the County Court is affirmed.*